UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JAMES MURPHY EVANS

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NO. 12-676-JJB-SCR

## RULING AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

This matter is before the court for consideration of the Report and Recommendations of United States Magistrate Judge Stephen C. Riedlinger, dated July 3, 2014 (doc. 17) recommending the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying the application of plaintiff James Murphy Evans for disability insurance and supplemental security income benefits be affirmed, and this action be dismissed. The plaintiff filed no objection to the Report and Recommendation.

The Magistrate Judge recommends that the final decision of the Commissioner denying the plaintiff disability insurance and supplemental security income benefits be affirmed because the decision was based on substantial evidence and any errors made by the Administrative Law Judge (ALJ) were harmless. Under 42 U.S.C. § 405(g), judicial review of the Commissioner's final decision denying benefits is limited to (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001). If substantial evidence supports the findings, they must be affirmed. *Richarsdson v. Perales*, 91 S.Ct. 1420, 1422 (1971). If the commissioner did not apply the correct legal standards, it is

1

grounds for reversal. *Bradley v. Bowen,* 809 F.2d 1054, 1057 (5th Cir. 1981). The Magistrate Judge correctly cites the applicable law.

First, the ALJ's conclusion that plaintiff did not meet the requirements of Organic Mental Disorders as explained in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.02 was based on substantial evidence, including expert testimony and medical documents. The ALJ committed a harmless error when he did not explain whether the plaintiff failed to meet requirements under Paragraph A of §12.02 because such an analysis would not have changed the outcome. Second, the ALJ based the plaintiff's Residual Functioning Capacity (RFC) on substantial evidence, including expert testimony and medical documents. Third, the ALJ followed the proper legal standards in determining the credibility of the plaintiff. Because the plaintiff's testimony did not align with other substantial evidence, the ALJ could conclude that the plaintiff was not entirely credible. Finally, the ALJ's error in not asking the vocational expert whether his testimony was consistent with the Dictionary of Occupational Titles was harmless error that would not have changed the outcome of the case. The plaintiff did provide evidence that there was a direct and apparent conflict between the plaintiff's limitations and the alternative work identified by the commissioner, fast food worker.

For these reasons, the Court agrees with the Magistrate Judge that the ALJ based his denial of disability insurance and supplemental security income benefits on substantial evidence and that any errors the ALJ committed were harmless.

Accordingly, the Court hereby **AFFIRMS and ADOPTS** the Magistrate Judge's Report and Recommendations (doc. 17). Consistent with it, the Court **AFFIRMS** under sentence four of 42 U.S.C. § 405(g), the final decision of Carolyn W. Colvin, Acting commissioner of Social

Security, denying the application of plaintiff James Murphy Evans for disability insurance and supplemental security income benefits, and **DISMISSES** this action.

Signed in Baton Rouge, Louisiana, on August 4, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**